IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNDAY UWUMAROGIE, individually and as the Special Administrator of the Estate of BENJAMIN UWUMAROGIE, deceased<br><br>Plaintiff,<br><br>v.<br><br>THE VILLAGE OF GLEN ELLYN, a municipal corporation, JASON BRADLEY, a Police Officer, and UNKNOWN POLICE OFFICERS,<br><br>Defendants. | No. 06 C 2628<br><br>Judge Kennelly |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

**I.  INTRODUCTION**

Defendants' move for judgment under Rule 50 of the Federal Rules of Civil Procedure. Plaintiff proceeds on claims of Fourth Amendment violations, under 42 U.S.C. §1983, against Defendant Jason Bradley, and state law wrongful death alleging willful and wanton conduct, against Bradley and, vicariously, against the Village of Glen Ellyn ("Glen Ellyn"). Under Rule 50 Defendants are entitled to judgment if "a reasonable jury would not have a legally sufficient basis to find" for the plaintiff. Bradley is entitled to judgment on Plaintiff's Fourth Amendment claim because Plaintiff has presented no evidence to establish that Bradley's use of force was not justified under the circumstances. Defendants are entitled to judgment on Plaintiff's state law claim because Plaintiff has failed to present evidence of willful and wanton conduct by Defendant Bradley, because Defendants' are immune from liability under §2-201 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201, and

because Plaintiff has not proven that two of the allegations of willful and wanton conduct were not the proximate cause of decedent's death.

## II.     DEFENDANT BRADLEY IS ENTITLED TO JUDGMENT ON PLAINTIFF'S FOURTH AMENDMENT CLAIM

To establish his case under §1983, Plaintiff bears the burden of proving by a preponderance of the evidence that Bradley's use of force was unreasonable under the circumstances. In ruling on Defendant Bradley's motion for summary judgment, this court recognized that if Bradley's version of the facts were credited, his use of force was justified. Plaintiff has not presented evidence to support any version of the facts other than Bradley's. As a matter of law, then, Bradley's use of force was justified here.

## III.    DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFF'S STATE LAW CLAIM

Plaintiff alleges that Defendant Bradley was willful and wanton in:

(a)     using deadly force without lawful justification;

(b)     provoking the decedent into using force on Bradley causing Bradley to respond with deadly force, and

(c)     failing to get medical care for the decedent after the shooting.

On Plaintiff's claim that Bradley used deadly force without lawful justification, Defendants' are entitled to judgment for the same reason Defendant Bradley is entitled to judgment on the §1983 claim. There is no evidence to support any version of the facts other than Bradley's.

Moreover, if the jury were to believe that Defendant Bradley provoked the decedent into a confrontation, ultimately leading to the decedent's death, any tactical or strategic decisions made by Bradley at the scene of the shooting were discretionary judgments, and therefore, Bradley is immune from any liability for these actions under §2-201 of the Illinois Tort

2

Immunity Act. (745 ILCS 10/2-201). Glen Ellyn is also immune from liability for Bradley's discretionary judgments under §2-109 of the Tort Immunity Act. 745 ILCS 10/2-109; Snyder v. Curran Tp., 167 Ill.2d 466, 657 N.E.2d 988 (1995).

Section 2-201 of the Tort Immunity Act states as follows:

> Except as otherwise provided by statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/-2-201. Section 2-201 applies when a public official is determining policy and exercising discretion, a two part test that turns on the nature of the action being performed. Harinek v. 161 N. Clark Street, Ltd. Partnership, 181 Ill.2d 335, 692 N.E.2d 1177 (1998); Harrison v. Hardin County Community Unit School Dist. No. 1, 197 Ill.2d 466, 758 N.E.2d 848 (2001). Each prong, a policy decision and the exercise of discretion, must be satisfied for §2-201 to apply. Harinek, supra.

Policy decisions are those that require the balancing of competing interests and a judgment by the government official as to what solutions will best serve each interest. Harrison, supra. The exercise of discretion involves choices between courses of conduct that are more than ministerial, that is, actions that need not be performed in a prescribed way pursuant to law or rules or regulations with the binding effect of law. In re Chicago Flood Litigation, 176 Ill.2d 179, 680 N.E.2d 265 (1997); Hill v. Galesburg Community Unit School Dist. 205, 346 Ill.App.3d 515, 805 N.E.2d 299 (3rd Dist. 2004); Albers v. Dreen, 346 Ill.App.3d 799, 806 N.E.2d 667 (4th Dist. 2004).

Both prongs of the §2-201 analysis apply here. Certainly, in taking any action that could have provoked the decedent to fight back against Bradley, he weighed competing interests, and

thereby determined policy, in each of the strategic police actions plaintiff alleges to have been willful and wanton misconduct.

Moreover, Bradley's actions constituted the exercise of discretion under §2-201. There is no law or rule or regulation having the force of law which in any way prescribed the manner in which Bradley was to go about his work. Indeed, there could be no law that could mandate the tactics applied by a police officer under such circumstances. The nature of law enforcement is that police are often presented with unusual, dangerous and unpredictable situations. There can be no cookie-cutter approach to police work. The discretion to make a judgment as the situation dictates is essential to a police officer's work. Because the tactical actions Bradley took all involved the determination of policy and the exercise of discretion, he, and Glen Ellyn as well, are immune from any liability for those actions under §2-201 of the Tort Immunity Act.

Moreover, Plaintiff has not proven that either Bradley's provocation or lack of medical care were proximate causes of the decedent's death. One of the elements of a claim for willful and wanton conduct is that the alleged misconduct be the proximate cause of the plaintiff's injury.

Proximate cause is a two part analysis under Illinois law. First, the court must determine whether the action at issue was the "cause in fact" of the injury. If cause in fact is established, the court must then determine whether the defendant's action was the "legal cause" of the plaintiff's injury. Abrams v. City of Chicago, 213 Ill.2d 251, 811 N.E.2d 670 (2004). Plaintiff has presented no evidence that Defendants did not provide medical care that could have been provided sooner or that a failure of medical care caused the decedent's death in any way.

Moreover, Plaintiff's provocation was neither the cause in fact nor the legal cause of the decedent's death. First, a defendant's conduct is a cause in fact of the injury if the conduct was a

4

material element and substantial factor in bringing about the injury. Lee v. Chicago Transit Authority, 152 Ill.2d 432, 605 N.E.2d 493 (1992). The decedent's escalating attacks on Bradley, not provocation , was the cause in fact of the shooting.

"Legal cause" is a completely separate analysis that focuses largely on the question of foreseeability. First Springfield Bank & Trust v. Galman, 188 Ill.2d 252, 720 N.E.2d 1068 (1999). The relevant inquiry on legal cause is whether "the injury is of a type that a reasonable person would see as a likely result" of the defendant's conduct. Id., at 260. To determine legal causation, the court must look at whether or not the end result would be the foreseeable outcome of the complained of conduct. The decedent being shot is not a foreseeable result of any action by Bradley.

The theory that plaintiff proposes is similar to the argument rejected by the Illinois Supreme Court in Abrams v. City of Chicago, 211 Ill.2d 251, 811 N.E.2d 670 (2004). There, the plaintiff went into labor and called the city to dispatch an ambulance. The city delayed in sending the ambulance, so the plaintiff accepted a ride to the emergency room from an intoxicated driver who ran a red light and collided with another car while rushing to the hospital. The plaintiff sued the City, arguing that the failure to dispatch an ambulance was the proximate cause of the accident. The Illinois Supreme Court rejected the argument, stating that although the failure to send the ambulance created the conditions that allowed for the accident to occur, it was the negligent driving at the time of the collision that caused the accident, not the city's failure to dispatch an ambulance. The same can be said here. The shooting was not the foreseeable result of Bradley's tactics in dealing with the decedent, even if they provoked his attack on Bradley.

## IV. AT A MIMIMUM, DEFENDANT BRADLEY IS ENTITLED TO JUDGMENT ON PLAINTIFF'S PUNITIVE DAMAGES CLAIM

In order to recover punitive damages under Section 1983, Plaintiff must prove that the Defendant's conduct was not just unobjectively unreasonable, the standard necessary for proving the Fourth Amendment violation, but that Defendant's conduct was "malicious or in reckless disregard of Plaintiff's rights." Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights." 7th Circuit Pattern Instructions, 7.24, based on Smith v. Wade, 461 U.S. 30 (1983). Even if the Court were to rule that the scant evidence that Plaintiff presented in this case can allow a jury to find that Defendant Bradley's was objectively unreasonable, there is absolutely no evidence that Bradley acted maliciously, or with the reckless disregard that punitive damages require. As a result, at an absolute minimum, judgment should be granted for Bradley on the Section 1983 claim.[1]

Respectfully submitted,

By: /s/ Thomas G. DiCianni
tdicianni@ancelglink.com

Thomas G. DiCianni
Ellen K. Emery
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

---

[1] Bradley faces no liability for punitive damages on the state law claim because punitive damages are not recoverable in a wrongful death case. Ballweg v. City of Springfield, 114 Ill.2d 107, 499 NE2d 1373 (1986).

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2009, I electronically filed the foregoing Defendants' Motion for Judgment As a Matter of Law with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Benjamin Nwoye
Douglas Hopson
203 North Wabash, Suite 2200
Chicago, Illinois 60601
mendoza_nwoye@lawyer.com
douglashopson@msn.com

/s/ Thomas G. DiCianni_____
Thomas G. DiCianni
tdicianni@ancelglink.com